UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DISABILITY LAW CENTER, INC.<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| EMMA REIL, as guardian of<br>LORETTA REIL, AND GERALD<br>J. MORRISSEY, in his official capacity as<br>COMMISSIONER OF THE<br>DEPARTMENT OF MENTAL<br>RETARDATION,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) |

00cv10789 PBS

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### I. INTRODUCTION

1. This action seeks injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 to compel the guardian of Loretta Reil and the Commissioner of the Massachusetts Department of Mental Retardation (DMR) to release records concerning Loretta Reil to the Disability Law Center, Inc. (DLC) in order to enable DLC to perform its statutory mandate of investigating allegations of abuse and neglect of individuals with developmental disabilities. DLC also seeks declaratory relief that it may represent Loretta Reil with respect to all allegations of abuse and neglect perpetrated against her. Such relief is authorized by the Developmental Disabilities Assistance and Bill of Rights Act (DD Act), 42 U.S.C. § 6000, et seq.

### II. JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it involves a federal question and pursuant to § 1343 because Plaintiff is seeking

**DOCKETED**



redress of the deprivation, under color of State law, of its civil rights secured by Acts of Congress, to pursue its statutory mandate of investigating allegations of abuse and providing protection and advocacy services to individuals with developmental disabilities. The actions of Defendant Morrissey also deny Loretta Reil her right to Protection and Advocacy services from DLC, including the investigation of allegations of abuse and neglect. Declaratory relief is sought pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391 and § 2201 because the office of defendant Gerald J. Morrissey is located in Boston.

### III. PARTIES

4. Plaintiff, Disability Law Center, Inc., is a private non-profit Massachusetts corporation mandated by Congress and designated by the Governor of the State of Massachusetts to provide protection and advocacy services to individuals with developmental disabilities, pursuant to 42 U.S.C. § 6000 et seq. As part of this mandate, DLC is authorized to investigate incidents of alleged abuse, neglect and civil rights violations of persons with developmental disabilities within the State of Massachusetts.

5. Defendant Emma Reil is the court appointed guardian for her sister, Loretta Reil. She is named as a defendant in this action because she has consistently refused to sign a Release of Information for the Disability Law Center to review Loretta Reil's records. Loretta Reil is a fifty year old individual with mental retardation and other developmental disabilities who resides at the Glavin Regional Center, an Intermediate Care Facility for the Mentally Retarded (ICF-MR), operated by the Department of Mental Retardation.

6. Defendant Gerald J. Morrissey is being sued in his official capacity as the

Commissioner of the Massachusetts Department of Mental Retardation. At all times relevant hereto, Defendant Morrissey was operating under the color of state law as a representative of a state agency and within the scope of his employment. He is named as a defendant in this action because the DMR has refused to provide the DLC with copies of Loretta Reil's records absent a Release of Information signed by her guardian, or a court order.

## IV. FACTUAL ALLEGATIONS

7. Based on information and belief, Loretta Reil was prevented from making a phone call to her family by staff at Glavin, on December 31, 1998. In response, she became upset and sat down on the floor in a staff member's office. Staff then put her in a chair in the hall. She threw herself out of the chair and put her foot under a laundry cart. Staff forcibly pulled her away, causing her foot to be cut by the cart and dragged her in a blanket to her room.

8. Believing that the actions of the staff constituted illegal restraint and abuse, in violation of DMR regulations and M.G.L. c. 19C, the Glavin Human Rights Committee (HRC) filed a complaint with the appropriate state agency, the Disabled Persons Protection Commission (DPPC) soon after the incident. Pursuant to DMR regulation 115 C.M.R. § 3:09 et seq., the HRC is a group of concerned citizens which must include a physician or nurse, a psychologist, an attorney or law student, as well as individuals receiving services from the DMR and/or family members. The HRC's responsibilities include monitoring the facility with respect to protection of the clients' human and civil rights. It is mandated to "take such actions as it determines is required to protect such human and civil rights." 115 C.M.R. § 3:09: (1)(b).

9. Based on information and belief, DPPC referred the complaint to DMR to investigate the allegations of abuse and illegal restraint, which the DMR investigation report then

substantiated.

10. In response to the investigation report, DMR filed a Corrective Action Plan which according to information and belief, did not give sufficient weight to the fact that the abuse and illegal restraint were substantiated, and did not adequately protect Ms. Reil from future mistreatment.

11. Soon after the issuance of the Corrective Action Plan, the Human Rights Committee filed an appeal of the Plan. Based on information and belief, that appeal is still pending.

12. On August 12, 1999, the Human Rights Officer at Glavin contacted the Disability Law Center, seeking representation for Ms. Reil with respect to the Action Plan appeal and related matters. The actions of the Human Rights Officer in contacting DLC constituted a complaint to the Protection and Advocacy System, pursuant to 42 U.S.C. § 6042(a)(I)(iii).

13. On September 2, 1999, DLC wrote to Ms. Reil's guardian, requesting that the guardian sign a Release of Information so that DLC could investigate and consider representing Ms. Reil. The guardian declined to sign and return the Release.

14. On October 7, DLC once again sent a Release of Information form which the guardian did not return.

15. On December 15, 1999, the Human Rights Officer at Glavin informed DLC that the guardian was refusing to sign the Release of Information.

16. On December 27, the DLC attorney wrote to the guardian, explaining the statutory authority of DLC to investigate allegations of abuse and neglect, and asked her to reconsider her prior refusal to sign the Release of Information. The guardian did not respond to the December 27th letter.

4

17. In January and February, 2000, the DLC attorney had several phone conversations with attorneys from DMR. Although one DMR attorney initially indicated that DMR would release Ms. Reil's records without the written consent of her guardian, the DMR legal office ultimately took the position that it would not release the records under these circumstances.

18. Since DLC is currently unable to review Ms. Reil's records, it is unable to determine whether or not the investigation was adequately conducted and whether or not Ms. Reil's rights to be free from abuse and illegal restraint are still at risk. As a result, DLC cannot meet its statutory obligation to provide "protection and advocacy" services to Ms. Reil, pursuant to 42 U.S.C. § 6000 et seq.

## IV. CLAIM FOR RELIEF

### A. DEVELOPMENTAL DISABILITIES ASSISTANCE AND BILL OF RIGHTS ACT

19. Plaintiff realleges and incorporates by reference paragraphs 1-18 of the Complaint.

20. When Congress enacted the DD Act, 42 U.S.C. §6000 et seq., it found that individuals with developmental disabilities in facilities such as the Glavin Regional Center are vulnerable to abuse and neglect and it mandated that designated protection and advocacy systems such as the Disability Law Center have access to those clients and their records. The P&A system is a nationwide network of disability rights agencies which are mandated, under the DD Act, to investigate and remedy abuse and neglect of persons with developmental disabilities, and provide them with legal representation and advocacy services. See, e.g., 42 U.S.C. § 6042(a)(2)(a) and (B).

21. "The Act not only describes the range of services to be provided by the protection and advocacy systems, it also states that the systems "must have the authority" to perform these

services. The state cannot satisfy the requirements of the [DD Act] by establishing a protection and advocacy system which has this authority in theory, but then taking action which prevents the system from exercising that authority." Mississippi Protection & Advocacy System, Inc. v. Cotten, No. J87-0503(L) (S.D. Miss. August 7, 1989) (Memorandum Opinion and Order at 24), affirmed, 929 F.2d 1054 (5th Cir. 1991).

22. As part of its Congressional mandate, the DLC is authorized to:

a. investigate incidents of abuse and neglect of individuals with developmental disabilities if the incidents are reported to the P&A, or if there is probable cause to believe that the incidents occurred. 42 U.S.C. § 6042(a)(2)(B); and

b. pursue administrative, legal and other appropriate remedies on behalf of people with developmental disabilities, to ensure their protection. 42 U.S.C. § 6042(a)(2)(A)(ii).

23. As part of its Congressional mandate, DLC is also authorized to have access to all records of any individual with a developmental disability who has a legal guardian with respect to whom a complaint has been received, and the guardian has refused to act on behalf of the individual after being offered assistance by DLC. 42 U.S.C. § 6042(a)(I)(iii).

24. Defendant Emma Reil has refused to act on behalf of her ward after DLC received the Human Rights Officer's complaint and offered assistance to Emma Reil. She also refused to sign a Release of Information so that DLC can act on Loretta Reil's behalf.

25. Defendant Gerald J. Morrissey, acting through his agents, has violated and continues to violate the rights of the Plaintiff to have access to Loretta Reil's records and to pursue legal remedies on her behalf, as guaranteed by the Developmental Disabilities Assistance and Bill of Rights Act.

## B. THE CIVIL RIGHTS ACT OF 1871

26. Plaintiff realleges and incorporates by reference paragraphs 1-25 of the Complaint.

27. The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides relief for persons who, under color of state law, have been deprived of any rights, privileges or immunities secured by federal law.

28. Defendant Gerald J. Morrissey has violated and interfered with, and continues to violate and interfere with the rights of the Plaintiff to have access to Loretta Reil's records in order to carry out its statutory mandate to investigate allegations of abuse. The actions of defendant Morrissey also deny Loretta Reil her right to Protection and Advocacy services from DLC, including the investigation of allegations of abuse and neglect, pursuant to 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(1) Order defendant Reil to sign a Release of Information to the Disability Law Center concerning Loretta Reil, and order defendant Reil to otherwise cooperate with DLC in carrying out DLC's statutory duties with respect to Loretta Reil.

(2) Order defendant Morrissey to provide DLC with the complete records of Loretta Reil, and to otherwise cooperate with DLC's efforts to carry out its statutory duties with respect to Loretta Reil.

(3) Declare that the failure of defendant Morrissey to provide Loretta Reil's records to DLC, thereby preventing Plaintiff from carrying out its statutory duties to Loretta Reil, violates the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 600 et seq.

(4) Declare that DLC is authorized to represent Loretta Reil concerning issues of abuse and restraint.

(5) Award the Plaintiff costs and attorney's fees against defendant Morrissey, pursuant to 42 U.S.C. § 1988; and

(4) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: 3/18/2000

*Matthew Engel*

Matthew Engel, BB0 #547465
Disability Law Center, Inc.
22 Green Street
Northampton, MA 01060
(413) 584-6337

**JS 44**
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Disability Law Center, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hampshire
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Emma Reil
Gerald J. Morrissey

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Matthew Engel, Disability Law Center,
22 Green Street
Northampton, MA 01060   413-584-6337

ATTORNEYS (IF KNOWN)

Government Bureau, Office of the Attorney General
One Ashburton Place
Boston, MA 02108   617-727-2200

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. S6000   Right of Disability Law Center to have access to the records of Loretta Reil

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** None

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 4/24/00

SIGNATURE OF ATTORNEY OF RECORD   Matthew Engel

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Disability Law Center v. Emma Reil__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_  II.  195, 368, 400, (440,) 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___  V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? __No__

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No__
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) __No__

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __No__

7. DO **ALL** PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).  YES_____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).  YES_____

8. DO **ALL** OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?  YES_____ (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___Matthew Engel___
ADDRESS ___Disability Law Center, 22 Green Street, Northampton, MA 01060___
TELEPHONE NO. ___413-584-6337___

(Category.frm - 09/92)



Disability Law Center, Inc.
Western Massachusetts Office
22 Green St., Northampton, MA 01060

(413) 584-6337
(413) 586-6024 TTY
1-800-222-5619

*Main office*

Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, Massachusetts 02108
(617) 723-8455 *Voice and TTY*
1-800-872-9992

April 24, 2000

James Kitsock
United States District Court
U.S. Courthouse, 1 Courthouse Way
Boston, MA 02210

Re: Disability Law Center v. Emma Reil and Gerald J. Morrissey

Dear Mr. Kitsock:

    The Complaint in the above captioned case was filed and docketed last week without the enclosed Civil Cover Sheet and Local Category Sheet. Now that the necessary paperwork has been submitted, please send me the two Summons which were sent with original filing. Thank you.

Sincerely,

Matthew Engel
Senior Attorney



Disability Law Center, Inc.
Western Massachusetts Office
22 Green St., Northampton, MA 01060

(413) 584-6337
(413) 586-6024 TTY
1-800-222-5619

*Main office*

Disability Law Center, Inc.
11 Beacon Street, Suite 925
Boston, Massachusetts 02108
(617) 723-8455 *Voice and TTY*
1-800-872-9992

April 18, 2000

Tony Anastas, Clerk
United States District Court
U.S. Courthouse, 1 Courthouse Way
Boston, MA 02210

Re: Disability Law Center v. Emma Reil and Gerald J. Morrissey

Dear Mr. Anastas:

    Enclosed for filing is the Complaint in the above referenced matter, as well as the filing fee of $150.00. Please return the two Summons to me in the envelope provided once they have been signed by the Court.

    Thank you for your attention to this matter.

Sincerely,

*Matthew Engel*
Matthew Engel
Senior Attorney



Office of the Clerk
# UNITED STATES DISTRICT COURT
### District of Massachusetts

**Tony Anastas**
**Clerk**

To:
From:      Intake                                          **MEMORANDUM**
Subject:   Attached new case
Date:

    The attached new civil case was received for filing on  4-19-00 ,
but the filing party failed to include:

- ☑ Civil Cover Sheet - JS44
- ☑ Local Category Sheet
- ☐ Signature on complaint
- ☐ Filing Fee (or filing fee was for wrong amount)
- ☐ Summons
- ☐ Other : _____

    The filing party was notified of these deficiencies on  4-19-00
by ☑ telephone ☑ mail (check one). The filing party was notified again on
_____ (if necessary).

    All necessary/corrected paperwork was received on  4-25-00 and
the case assigned a case number and judge on  4-25-00 .

    This memo should remain in the case file for future reference.